UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOHAMAD MERSHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.:   1:20-cv-2486 |
| | ) |
| CONTITECH NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Mohamad Mershon ("Mershon"), by counsel, against Defendant, Contitech North America, Inc. ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §1201 *et. seq.*, Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*, and for breach of contract.

### II. PARTIES

2. Mershon, at all relevant times to this litigation, resides within Marion County, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, 28 U.S.C. § 1367, 29 U.S.C. §2617(4), and 42 U.S.C. §12117.

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2617(4).

6. At all relevant times to this action, Mershon was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Mershon has a "disability" as that term is defined by 42 U.S.C. §12102(2).

8. Mershon is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9. Mershon, at all relevant times, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

10. Mershon exhausted his administrative remedies by timely filing this Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this Complaint within ninety (90) days of receipt of his Notice of Right to Sue.

11. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Mershon was hired by Defendant on or around June 16, 1999, as a Technical Director, Airspring North America. Mershon's most recent position with Defendant was New Business Development Manager.

13. On or around June 21, 1999, Mershon entered in an Employee Secrecy and Non-Compete Agreement (the "Agreement") with Defendant. Attached as Exhibit 1. In Section 5.3, the Agreement described Mershon's obligations if his employment was terminated involuntarily.

Those obligations prevented him from competing with Defendant for a period of twelve months following his separation from employment.

14. As consideration for his agreement, under Section 5.4, Defendant agreed to provide Mershon with thirty days advance notice of his termination or payment of one month's salary.

15. In addition, under Section 5.4.2, Defendant agreed to pay Mershon monthly for the duration of the Agreement, an amount equal to the difference between his base salary at the date of his termination and the amount he actually earned each month from his primary employer.

16. Under Section 5.4.3, Defendant agreed to provide coverage for Mershon and his eligible dependents under its health and insurance programs.

17. At all relevant times, Mershon met or exceeded Defendant's legitimate performance expectations. Under his leadership, Defendant went from doing under a million dollars in sales in 1999 to over 150 million dollars in 2019.

18. Mershon suffers from a disability, as that term is defined by the Americans with Disabilities Act. He suffers from Bilateral Carpal Tunnel Syndrome, Severe Back Pain, Sciatic Nerve Damage, and a Chemical Dependency. Defendant has been receiving treatment for his Chemical dependency. Defendant is aware of his disability.

19. In or around 2015, Mershon received treatment for Chemical Dependency related to his use of prescription drugs and alcohol to manage the pain caused by his disabilities. Since his treatment, Mershon has kept two empty bottles at home and at his office as a reminder of his dependency and progress.

20. In or around June of 2019, Mershon requested leave to travel to Iran to care for his terminally ill father. Mershon's leave qualified for FMLA leave but he was intentionally never given the paperwork.

21. While he was out of the office, Defendant went through Mershon's desk. On or around September 16, 2019, Defendant found the two empty bottles of alcohol he kept in his desk and immediately terminated his employment. Defendant did not perform an investigation, ask him to take a test, or allow him the chance to explain. Defendant terminated Mershon based on its misperception of his disability.

22. On or around September 16, 2019, Defendant terminated Mershon's employment.

23. Mershon's termination from employment was not the result of conduct that was directly contrary to the best interests of Defendant.

24. Mershon did not accept competing employment in the twelve months following his involuntary separation from employment and otherwise fulfilled all of his obligations under the Agreement.

25. Defendant failed to pay Merson a month's salary in lieu of notice, nor the wages and benefits provided under Sections 5.4.2 and 5.4.3.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

26. Mershon hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint.

27. Defendant violated Mershon's rights as protected by the ADA, by discriminating against him based on his disability, record of disability, and/or perceived disability.

28. Defendant's actions were willful, intentional, and in reckless disregard of his rights as protected by the ADA.

29. Mershon has suffered damages as a result of Defendant's actions.

## COUNT II: FMLA INTERFERENCE

30. Mershon hereby incorporates by reference paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Defendant unlawfully interfered with the exercise of Mershon's rights under the FMLA.

32. Defendant's actions were intentional, willful, and in reckless disregard of Mershon's rights as protected by the FMLA.

33. Mershon suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA RETALIATION

34. Mershon hereby incorporates by reference paragraphs one (1) through thirty-three (33) of his Complaint as if the same were set forth at length herein.

35. Defendant retaliated against Mershon for exercising his rights under the FMLA.

36. Defendant's actions were intentional, willful, and in reckless disregard of Mershon's rights as protected by the FMLA.

37. Mershon suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: BREACH OF CONTRACT

38. Mershon hereby incorporated by reference paragraphs one (1) through thirty-seven (37) of his Complaint.

39. Defendant breached the Employment Agreement by terminating Mershon without just cause and failing to pay all of the compensation due to Mershon under its terms.

40. Mershon has suffered damages as a result of Defendant's breach of the agreement.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Mohammad Mershon, respectfully requests that this Court enter judgement in his favor and award him the following relief;

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their disability and use of the FMLA;

2. Order that the Plaintiff be awarded payment rightfully owed through the Employee Secrecy and Non-Compete Agreement entered in with the Defendant. Such payment should be one month's salary for failure to provide advance notice of termination, monthly payments for compliance with the Non-Compete obligations and reimbursement for the costs of all premiums and other out of pockets associated caused by Defendant's failure to provide benefits during the non-competition period,

3. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions, or award him front pay in lieu thereof;

4. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

5. Pay liquidated damages for Defendant's violation of the Family Medical Leave Act:

6. Pay compensatory damages for Defendant's violation of the ADA:

7. Pay punitive damages for Defendant's violation of the ADA;

8. All costs an attorney's fees incurred as a result of bringing this action;

9. Pre-and post-judgement interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

>Respectfully Submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>
>By: */s/ Andrew Dutkanych*
>Andrew Dutkanych, Atty No. 23551-49
>144 North Delaware Street
>Indianapolis, Indiana 46204
>Telephone: (317) 991-4765
>Facsimile: (812) 424-1005
>Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Mohamad Mershon, by counsel requests a trial by jury on all issues deemed so triable.

>Respectfully Submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>
>By: */s/ Andrew Dutkanych*
>Andrew Dutkanych, Atty No. 23551-49
>144 North Delaware Street
>Indianapolis, Indiana 46204
>Telephone: (317) 991-4765
>Facsimile: (812) 424-1005
>Email: ad@bdlegal.com